IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| ARTHUR STEPHEN BARFIELD, | : | |
| --- | --- | --- |
| Plaintiff | : | |
| VS. | : | 1 : 05-CV-84 (WLS) |
| Sheriff JAMIL SABA, PEGGY CHESTER, and DAN HAGGERTY, | : | |
| Defendants. | : | |

**RECOMMENDATION**

Presently pending herein are several motions to dismiss filed by the defendants, as well as a motion to continue filed by the plaintiff. The plaintiff filed this action in June 2005, while he was confined at the Dougherty County Jail. According to his complaint form, he was set to complete his sentence and be released in February 2006.

Service was ordered on October 25, 2005, and the defendants filed their answers on December 23, 2005. The plaintiff filed a letter with the court on December 7, 2005, and thereafter had no further communication with the court until July 17, 2006, wherein he asked that this matter not be dismissed but be allowed to continue. The defendants have filed two (2) basic motions to dismiss, based on the plaintiff's failure to prosecute this action. In response to these motions, the plaintiff, who has now reentered the system as an inmate in the custody of the Georgia Department of Corrections, has filed numerous motions and pleadings, asking that this matter be allowed to proceed, and stating that he requires the assistance of counsel.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a

determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this entire action does not reveal a clear record of delay or willful contempt on the part of the plaintiff. Although the plaintiff ceased communicating with the court between December 2005 and July 2006, he has since filed numerous motions and pleadings in an effort to have this action proceed. The plaintiff also states that several portions of his legal papers have been confiscated during his periods of incarceration, and that his mail service has been interrupted due to his movement back into incarceration. In light of the plaintiff's *pro se* status and his attempts to correspond with the court during the last six (6) months, it is the recommendation of the undersigned that the defendants' motions to dismiss be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of December, 2006.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb