# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **ARTHUR STEPHEN BARFIELD,** : | |
| : | |
| **Plaintiff,** : | |
| : | CIVIL ACTION FILE |
| VS. : | NO. 1:05-cv-84 (WLS) |
| : | |
| Sheriff **JAMIL SABA, PEGGY CHESTER,** : | |
| and **DAN HAGGERTY,** : | |
| : | |
| **Defendants.** : | |

## RECOMMENDATION

This is a § 1983 action brought by an individual who is currently a State of Georgia prisoner proceeding *pro se.* However, at the time of the filing of this complaint in late June 2005, the Plaintiff was being housed in the Dougherty County, Georgia Jail. Defendant Saba is the sheriff of Dougherty County, and thus ultimately in charge of the jail. Defendant Haggerty holds a supervisory position in the administration of the jail, and Defendant Chester is or was the Medical Director (at the Jail) for Prison Health Services, an entity that evidently contracts with the county or the jail to provide medical services to the inmates.

Plaintiff is alleging deliberate indifference on the part of the Defendants to serious medical conditions from which he suffers. Presently pending before the court are motions for summary judgment, one filed on behalf of Defendants Saba and Haggerty (R. at 84) and one filed on behalf of Defendant Chester (R. at 81). Plaintiff was given the required notice of the filing of the motions and informed of his right to respond in opposition thereto which he has done.

In his somewhat graphic and relatively well written complaint Plaintiff states that he has an unnamed venous condition that causes his legs to swell and then begin oozing or seeping

blood. He states that compression stockings or hose are required to lessen the effects of this condition. He further alleges that he is very prone to developing colon polyps and must be regularly examined and treated (one would suppose by removal of the polyps) to lessen his chances of developing colo-rectal cancer.

Plaintiff's complaints seem generally to be that the jail would not provide him with needed medical treatment, for either his venous or colon condition, at a local hospital by physicians not on contract with the jail because to do so would be too expensive. He also alleges that although the jail physician as well as his treating physician indicated that he needed compression hosiery or stockings, he was at the jail for several months prior to being measured for and finally receiving them. Plaintiff's final major area of complaint seems to be that the bloody bandages covering his leg were not changed often enough by the medical department and that Defendant Chester actually told a member(s) of her staff not to change his bandages.

Although named as a defendant, the undersigned can find no direct allegations of misconduct by Defendant Jamil Saba in the complaint or in the responses in opposition to the motions for summary judgment. Inasmuch as the Plaintiff refers to this Defendant in his complaint as the "High Sheriff of Dougherty County," one is forced to surmise that, in the opinion of the Plaintiff, this Defendant is responsible for the Plaintiff not receiving the treatment he needed/wanted because of the cost. Plaintiff seems to have named Haggerty and Chester as defendants because, according to him his complaints of inadequate medical treatment fell on deaf ears and, as earlier stated, Defendant Chester allegedly instructed a member(s) of her medical staff not to change plaintiff's bandages.

Defendants maintain that they were not deliberately indifferent to Plaintiff's medical

2

conditions, pointing out that during the approximate year about which Plaintiff complains, he was seen by either the Jail medical staff or members of the local (Albany, GA) medical community more than one hundred times in treatment of his medical conditions and problems caused thereby.

*Summary Judgment Standard*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere

> allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Federal Rule of Civil Procedure 56(e).

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. <u>All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.</u> (Emphasis added)

United States District Court For The Middle District of Georgia, Local Rule 56.

*Discussion*

This court is well aware of the leniency extended to *pro se* litigants in interpreting their pleadings as required by <u>Hanes v. Kerner</u>, 404 U.S. 519 (1972) and its progeny. However, the Federal case law is equally clear that pro se litigants are bound by and must abide by the Federal Rules of Civil Procedure and the Local Rules of this Court. <u>Nelson v. Barden, et al.</u>, 145 Fed. Appx. 303, 311, (fn. 10) (11th Cir. 2005) (unpublished opinion); <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1104 (11th Cir. 1999); <u>Moon v. Newsome</u>, 863 F.2d 835 (11th Cir. 1989).

It is the conclusion of the undersigned, that unfortunately for the plaintiff and his cause, his failure to adhere to the Federal Rules of Civil Procedure, especially Rule 56 and corresponding Local Rule 56, is fatal, thereby entitling the Defendants to summary judgment. Inasmuch as a ruling on a motion for summary judgment is a ruling on the merits the court must rely upon evidence contained in the record and not mere conclusory allegations as is more often

than not the case when considering a motion to dismiss a complaint for a failure to state a claim upon which relief may be granted.

As stated earlier in this recommendation the undersigned finds the complaint to be cogent and quite well written for a *pro se* plaintiff. However, the complaint must be considered to be noting more than conclusory allegations as it was not given under oath or under penalty of perjury. Plaintiff has not complied with Local Rule 56 and provided to the court a Statement of Material Facts as to which there exists a genuine issue. Thus, the Statement of Genuine Facts as to which there is no genuine issue submitted by the Defendants is binding upon this court for summary judgment purposes if otherwise proper. It is here noted that plaintiff has filed statements in opposition to the motions for summary judgment filed by Defendants Saba and Haggerty as well as the motion seeking summary judgment filed by Chester. However, once again these statements are not in the form of sworn affidavits, they are in essence nothing more that unsworn recantations of his complaint although not as lengthy. As earlier noted herein,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Federal Rule of Civil Procedure 56(e).

Simply put, plaintiff has presented absolutely no evidence which serves to create a genuine factual issue on the question of the defendants being deliberately indifferent to plaintiff's serious medical conditions. He has done nothing more than rest upon the mere allegations or denials of his pleadings. For summary judgment purposes the only evidence contained in this record is the

5

affidavit of defendant Peggy Chester and the medical records of the plaintiff. It is from this evidence that the defendants' Statements of Material Facts As To Which There Exists No Genuine Issue For Trial have been compiled. Consideration of these documents fail to show the existence of any genuine factual issue, thus entitling all of the defendants to the entry of summary judgment. The affidavit of defendant Peggy Chester is attached as exhibit "B" to her Amended Motion for Summary Judgment which appears at electronic docket entry 81. Defendant Chester's Statement of Material Facts appears at electronic docket entry 83. The joint Statement of Material Facts submitted by defendants Saba and Haggerty appears at electronic docket entry 86. The medical records of plaintiff are too voluminous for electronic filing and are maintained in the Office of the Clerk of Court (Albany) in paper form.

A review of the evidence in this record reveals the following: (NOTE: All references are to the numbered paragraphs of defendant Peggy Chester's affidavit which is Exhibit B to document 81)

3. Between August 3, 2004, and August 3, 2005, plaintiff Arthur Stephen Barfield was treated by the infirmary staff at the Dougherty County Jail or by outside physicians on approximately one hundred four (104) days.

7. TED hose were ordered for Mr. Barfield on October 24, 2004.

9. On November 17, 2004, TED hose were ordered for Mr. Barfield, and on November 22, 2004, TED hose were given to him.

11. On January 14 and 27, 2005, Barfield was fitted for compression stockings at Hangar, a supplier of stockings and on January 27, 2005, Barfield received two (2) pairs of thigh high compression stockings.

12. On May 3, 2005, Barfield requested compression hose.

13. On May 4, 2005, infirmary staff noted that Barfield's support hose were "intact".

14. On June 7, 2005, Barfield requested more stockings, and on June 21, 2005, Barfield received his compression stockings.

15. Mr. Barfield was admitted to Phoebe Putney Memorial Hospital from December 13, 2004 through December 22, 2004 for a leg infection. Irrigation and debridement of a subcutaneous abscess on his right leg was performed.

18. Barfield was sent back to Phoebe Putney Memorial Hospital for treatment on December 24, 2004. (Rectal bleeding)

19. Barfield was released back into the custody of the jail on December 26, 2004.

32. If a patient at the Dougherty County Jail is to receive medical treatment, a physician must order said treatment. A nurse is not permitted to order the treatment.

33. On August 3, 2004, the date of Mr. Barfield's initial screening, I was not involved in his evaluation or treatment.

34. At no point between Mr. Barfield's arrival at the Dougherty County Jail on August 3, 2004, and the date he first received support hose, November 22,, 2004, did I participate in the evaluation or treatment of Mr. Barfield wherein support hose were requested or ordered.

35. On December 24, 2004, the date on which Mr. Barfield was admitted to the hospital for rectal bleeding, I was not the nurse assigned to evaluate or treat Mr. Barfield.

36. I was not assigned to evaluate or treat, not did I evaluate or treat, Mr. Barfield between April 27, 2005, the date on which Dr. Smith ordered antibiotics for Mr. Barfield , and May 2, 2005, the date on which Mr. Barfield was started on the antibiotic Keflex.

37. At no point in Mr. Barfield's stay at the Dougherty County Jail did I refuse to treat a medical problem for Mr. Barfield.

It would thus appear that if plaintiff was the subject of deliberate indifference to a serious medical condition while at the Dougherty County Jail, and plaintiff has presented no evidence that he was, defendant Chester is not the responsible party. In this connection it is noted that medical care provided to prisoners is not constitutionally required to be, "perfect, the best obtainable or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991). Further, as Estelle v. Gamble contemplates, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment" and therefor not an appropriate basis for grounding liability under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 107; 97 S. Ct. 285, 293 (1976).

The plaintiff has presented no evidence that he was subjected to an Eighth Amendment violation by the defendants or any other person employed at the Dougherty County Jail. He has failed to show the existence of a genuine issue of material fact as to this issue. He has not met his burden pursuant to Federal Rule of Civil Procedure 56.

For the above reasons it is the **RECOMMENDATION** of the undersigned that the motions for summary judgment filed on behalf of all defendants be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 18th day of January 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE